

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

GARY LOTT,     PLAINTIFF

v.     CIVIL ACTION NO. 2:16cv96-KS-MTP

BRIAN J. ADKISON and MARK E. MACK,     DEFENDANTS

JURY TRIAL DEMANDED

COMPLAINT FOR WRONGFUL DEATH

Comes now Gary Lott, husband of the late Donna Lott, who asserts this wrongful death complaint pursuant to Miss. Code Ann. § 11-7-13, both as a survival action and as an action on behalf of all beneficiaries against the named defendants as follows:

PARTIES, JURISDICTION AND VENUE

1. Named herein as plaintiff is Gary Lott, who at the time of the collision was the husband of wrongful death victim Donna Lott. Gary Lott is a beneficiary under Mississippi's wrongful death statute and therefore is authorized by that statute to prosecute this suit for the benefit of all interested persons including all the statutory beneficiaries and heirs of the deceased. As plaintiff Gary Lott seeks all damages available to him under Mississippi's wrongful death statute, common law and judicial decisions, including damages for loss of consortium, companionship care, comfort, support, and society of his wife, occasioned by her wrongful death. Gary Lott at all pertinent times has been an adult resident of Beaumont, Mississippi.

2. Named herein as a beneficiary, but not as a party, is Kylee Lott, the daughter of Gary Lott and of wrongful death victim Donna Lott. Kylee Lott is a minor child who was

eleven years of age at the time her mother was killed as a result of the defendants' negligence. At all pertinent times Kylee Lott has been a resident of Beaumont, Mississippi. Kylee Lott is not yet being named as a party to this action, but plaintiff Gary Lott reserves the right to amend the complaint to add Kylee Lott as a named party at a later date. Gary Lott is seeking all damages available to his daughter Kylee Lott under Mississippi's wrongful death statute, common law and judicial decisions, including damages for loss of companionship and guidance.

3. Named herein as defendant is Brian J. Adkison, the driver of the commercial truck that killed Donna Lott. At the time of Mrs. Lott's death, Brian J. Adkison was a resident of Atmore, Alabama.

4. Named herein as defendant is Mark E. Mack, the owner of the commercial truck that killed Donna Lott. Mark E. Mack operates an interstate a trucking company under United States Department of Transportation (USDOT) Number 2009128, doing business as Mark Mack Farms, with a principle place of business in Atmore, Alabama.

5. All named defendants have a residence and/or principle place of business outside of Mississippi, and the amount in controversy well exceeds $75,000.00, exclusive of costs and interests. Diversity is complete. The total amount of all damages of any kind (exclusive of interest and costs) is greater than the diversity jurisdiction amount set forth by 28 U.S.C.A. § 1332(a). Jurisdiction is therefore proper in this court. Moreover, the collision causing Donna Lott's death occurred in Perry County, Mississippi, and therefore venue is also proper in this court.

## NATURE OF LEGAL CLAIMS PRESENTED

### COUNT I

6. This lawsuit is a survival action claim to recover all damages incurred by wife Donna Lott before she died.

### COUNT II

7. This lawsuit is also a claim on behalf of beneficiaries to recover all damages incurred by the wrongful death beneficiaries for their loss

### FACTS

8. On May 23, 2016, defendant Adkison was driving a large Peterbilt semi-truck and trailer owned by Mark E. Mack, hauling a load of fertilizer northbound on Highway 15 near Carmichael Road. At the same time Donna Lott was north of him and driving southbound on Highway 15.

9. According to witnesses, Mrs. Lott's vehicle veered from the southbound lane partially into the northbound lane, then corrected its travel completely back into the southbound lane.

10. Defendant Adkison negligently reacted to Mrs. Lott's actions by pulling his vehicle completely into the southbound lane, which caused a head on collision between the Peterbilt truck and the Lincoln Towncar driven by Mrs. Lott.

11. The head-on collision occurred entirely within the southbound lane of Highway 15, which was where Mrs. Lott's vehicle was supposed to be.

12. As a result of injuries sustained in the collision, Mrs. Lott died while in her vehicle at the scene of the collision.

13.     Defendant Adkison admitted at the scene of the collision that the accident was his fault, and that he should not have reacted by pulling the Peterbilt truck into the oncoming lane. Defendant Adkison's actions were negligent, and proximately caused the injuries sustained by Mrs. Lott and her untimely death.

14.     Defendant Adkison did not have any log books in his truck at the time of the collision.

15.     Donna Lott's injuries and death occurred as a direct and proximate cause of defendant's actions in negligently driving a large heavy semi-truck into opposing lane of oncoming traffic. There is no comparative fault on Donna Lott, who was entirely in her own lane of travel at the time of the collision.

16.     On information and belief, plaintiffs allege that defendant Adkison was acting in the course and scope of his employment with Mark E. Mack with the express permission and consent and for the benefit of Mark E. Mack at all times relevant to plaintiffs' claims and, therefore, Mark E. Mack is liable for the negligence of his employees in connection with the accident in question.

## LEGAL CLAIMS

17.     Defendants' actions described herein constitute negligence, recklessness, willful misconduct, malice, wantonness, oppression, or entire want of care sufficient to raise the presumption of a conscious indifference to the consequences. Said actions by defendants are the proximate cause of the collisions described herein, for which actions said defendants must stand responsible together, both jointly and severally. Defendants' wrongful conduct includes, but is not limited to, the following acts and omissions:

    a. Negligent entrustment of an oversized motor vehicle;

    b. Operating a commercial truck in violation of the rules and regulations governing interstate carriers;

    c. Failing to keep a proper lookout;

    d. Failing to keep a vehicle under proper control;

    e. Negligence per se for violating the Rules of the Road;

    f. Operating the eighteen wheeler in a negligent, reckless, malicious and careless manner, without due regard to other vehicular traffic, in contravention of common prudence and local laws;

    g. Other acts of negligence and misconduct, all of which were a proximate cause of the accident and that may be shown during the course of these proceedings.

18. Defendant Mark E. Mack knew or should have known of the unfitness of defendant Adkison and employed him or continued to employ him, or used his services without proper instruction with a disregard of the rights or safety of others.

19. As a direct and proximate result of defendants' breach of duties owed to Donna Lott, she suffered from pre-impact fright and conscious pain and suffering until she was pronounced dead.

20. As a direct and proximate result of defendants' breach of duties owed to Donna Lott, plaintiffs and her estate have incurred funeral and other expenses.

21. As a direct and proximate result of defendants' negligence in causing the death of Mrs. Lott, the plaintiffs, as the survivors of the late Donna Lott, sustained pecuniary loss, mental anguish, emotional pain and suffering, and other damages.

22.     Plaintiffs hereby seek to recover all damages allowable by law as the jury may determine to be just, taking into consideration all the damages of every kind to the decedent and all damages of every kind to any all parties interested in the suit to which they are entitled under Mississippi's wrongful death statute and Mississippi common law.  Such damages not only include loss of consortium, society, and companionship, but also decedent's survival-type claims, such as those for his or her personal injury, property damage, and medical and funeral expenses, including but not limited to:

(1) Physical and mental pain and suffering to Donna Lott;

(2) Mental and emotional trauma and suffering;

(3) Loss of love and affection;

(4) Present net cash value of life expectancy, loss of future wages and wage earning capacity;

(5) Burial expenses and medical expenses of every kind;

(6) Loss of companionship and guidance;

(7) Reasonable expectations of gifts and contributions;

(8) A husband's loss of consortium;

(9) Punitive damages.

23.     Plaintiffs are entitled to and hereby demand a trial by jury.

WHEREFORE, PREMISES CONSIDERED, plaintiffs demand a trial by jury and Judgment against the Defendant for all damages allowed by law, including all actual, compensatory and non-pecuniary damages, punitive damages as determined by the jury,

together with an award of costs and attorney's fees in an amount that the Court deems just and appropriate.

Dated June 27, 2016 A.D.

                LEE LAW FIRM, LLC

BY: _____
        K. Douglas Lee, MS Bar No. 9887
        628 Churchwell Road
        Hattiesburg, MS 39401
        Telephone: (601) 583-4447
        Facsimile: (601) 450-0152
        Email: doug.lee@leelaw.us
        ATTORNEY FOR PLAINTIFF